UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD DAVIDSON,

Plaintiff,

-against-

CITY OF NEW YORK; MICHELLE MORSE;
MOLLY PARK; JOHN HAMMOND;
ABIODUN OYENIYI; EVE CLEGHORN;
ROSE NANTANGO; LYDIA PICKER; AKIM
NORVILLE; VICTOR AMELYANCHYK;
LYMARIS ALBORS; GARBRIELLA
GONZALEZ; SANA CAMPBELL-GILMORE;
CLEAVON JENKINS; COTANDRA DAVIS;
VALERIE COOK; JANE DOE 1/CORREA;
LILA MONTANEZ; TIFFANY TEAGUE;
JANE DOE 2/BOSTICK; ANGEL GODDARD;
ERNESTO MEYERS; ANDREA WATKINS;
RISE ABDULLAH; ANGELA BRENT; JANE
DOE 3/EVERETT; RON ABAD;
COMMUNITY HOUSING INITIATIVES
(CHI); RICHARD LEWIS; CLAUDETTE
PHIPPS; EARL HOLDER; CLEAN RITE
CENTERS; DAVID GRIFFIN; NYC
COALITION FOR THE HOMELESS (CFTH);
STATE OF NEW YORK; JAMES
MCDONALD; NY DEPARTMENT OF
HEALTH; THOMAS DINAPOLI; NY OFFICE
OF THE COMPTROLLER (OSC); KIMBERLY
HILL; NY OFFICE OF THE CHIEF
DISABILITY OFFICER,

Defendants.

ORDER OF DISMISSAL

25 Civ. 6015 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question

jurisdiction, alleging that Defendants are intentionally attempting to worsen his disabilities in an

effort to prevent him from effectively litigating in this court, including in this action. Plaintiff

names 42 persons and entities as defendants in this action, primarily consisting of agencies,

officials, and employees of the City of New York, the State of New York, and nonprofit organizations. He also sues a laundromat. He seeks monetary and declaratory relief.

By order dated March 11, 2026, Plaintiff's proceeds *in forma pauperis* ("IFP"), that is, without prepayment of fees. This Court dismisses the complaint for failure to state a claim.

## I.   BACKGROUND

The following facts are drawn from Plaintiff's 115-page complaint.[1] Plaintiff is a 75-year old indigent man with a traumatic brain injury (TBI) that causes executive function impairments. (Compl., ECF No. 1, at ¶¶ 19-21). Plaintiff's TBI was exacerbated, in unspecified ways, by a COVID-19 infection that he contracted in 2021. (*Id.* at ¶ 22.)

Plaintiff alleges that the New York City agency defendants and their contractors worked "together to worsen the Plaintiff's disabilities for the purpose of" blocking or otherwise preventing him from effectively litigating in this court, (*id.* at ¶ 2), "including targeted barriers [that] blocked the docketing of this Complaint," (*id.* at ¶ 13.)

Plaintiff contends that, in general, Michelle Morse, the chief medical officer for the City of New York, has the authority to abate alleged threats to public health, presumably including "targeted barriers [that] blocked the docketing of this Complaint," but fails to do so. (*Id.* at ¶ 5.) He further explains:

> Plaintiff repeatedly tried to explain to anyone who would listen how and why pandemic sequelae affected TBI-caused executive function disabilities and how his communication disabilities affected his meaningful access to federally funded programs, including the federal Courts; and although the Plaintiff presented timely serial requests for accommodation, the gravamen of each and all were summarily denied.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

(*Id.* at ¶ 26.) Although Plaintiff does not allege what accommodations he requested, he suggests that he submitted such requests to various agencies of the City of New York and a variety of nonprofit organizations. (*Id.* ¶ 28.)

Plaintiff alleges that all Defendants in this action violated 42 U.S.C. §§ 1985 and 1986, in unspecified ways, again "including targeted barriers [that] blocked the docketing of this Complaint." (*Id.* ¶ 12.) He adds that Defendants took these unspecified actions "for fun." (*Id.*)

The complaint then pivots to a different topic: a class notice that he saw on the wall of his Brooklyn shelter in which Clean Rite, a laundromat, was the named defendant. (*Id.* ¶ 56.) Plaintiff states that after he examined the class notice, he went to a Clean Rite location in Brooklyn. He explains, without detail, that because he became anxious when he walked into the laundromat, he decided to leave and wash his clothes in the shower in his shelter, which he did for the next several months. (*Id.* ¶¶ 57–58.) Eventually, Defendant Davis, who is employed by the New York City Department of Homeless Services ("DHS"), informed Plaintiff of a new rule in the shelter that prohibited residents from using the shower to wash their clothes. Defendant Davis instead directed Plaintiff to use the Clean Rite laundromat. (*Id.* ¶ 58.) Defendants Davis and Amelyanchyk, both of DHS, then invented another new rule prohibiting Plaintiff from using "the supply of lifelong use of Tide laundry detergent." (*Id.* ¶ 59.)

Plaintiff next alleges that unspecified persons or entities associated with the laundromat (or perhaps with DHS) initiated another new rule requiring Plaintiff and other shelter residents to seek and obtain laundry cards worth ten dollars each time that he wanted to do laundry. Plaintiff both alleges that: (1) unspecified persons required him to surrender any unused funds on the laundry card and (2) he routinely ran out of money because ten dollars is insufficient for a week's worth of laundry. (*Id.* ¶¶ 59–61.)

3

Plaintiff devotes about twenty pages of the complaint to arguing, without making factual allegations, that each government agency and nonprofit organization that he names as a defendant in this action should be stripped of their federal funding for serial violations of 42 U.S.C. §§ 1985, 1986, and the Americans with Disabilities Act ("ADA"). (*Id.* ¶¶ 46–49, 65–67, 75, 102–08, 115, 124–37, 139, 142, 145.)

## II.   LEGAL STANDARD

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a).

## III.   PLAINTIFF'S COMPLAINT IS DISMISSED

### A.  Rule 8

A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws

4

all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

The complaint fails to comply with Rule 8 and therefore must be dismissed. Despite the complaint being quite lengthy—specifically, 115 pages—there are very few well-pleaded allegations that indicate what each Defendant did or failed to do to Plaintiff. Instead, Plaintiff primarily relies on labels and conclusions, rather than factual allegations. For instance, he repeatedly alleges that Defendants denied his requests for reasonable accommodations, but because he does not explain what exactly he requested as accommodations or who he requested them from, this Court is unable to infer that Defendants violated the law by allegedly denying them. Moreover, Plaintiff spends many paragraphs describing DHS' laundry policies at Clean Rite, yet the complaint does not reflect any effort to connect those allegations with the gravamen of Plaintiff's complaint, which is that Defendants intentionally worsened his disabilities for the purposes of blocking him from litigating in this court, including this action. He also repeatedly alleges that nearly all of the government agency defendants and nonprofit organizations should lose their federal funding due to a pattern of violations of the ADA and 42 U.S.C. §§ 1985–1986, yet he makes no well-pleaded factual allegations that any of them are violating any of those laws.

The Court cannot accept as true Plaintiff's conclusions that Defendants violated the law when he fails to allege what each Defendant is alleged to have done to him and how those acts

violated his rights secured by federal law. For those reasons, the Court dismisses the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. ADA and Rehabilitation Act**

Plaintiff alleges that the government agency defendants and nonprofit organization defendants should lose their federal funding due to serial violations of the ADA. The Court liberally construes this allegation, within the context of the complaint, as asserting claims under both the ADA and Rehabilitation Act.

Title II of the ADA, which applies to public entities, provides, in relevant part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities *of a public entity*, or be subjected to discrimination *by any such entity.*" 42 U.S.C. § 12132 (emphasis added); *see also Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009). The term "public entity," in turn, is defined as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131(1); *see also United States v. Georgia*, 546 U.S. 151, 154 (2006).

Similarly, Section 504 of the Rehabilitation Act provides, in relevant part:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under *any program or activity* receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a) (emphasis added). The statutory definition of "program or activity" is limited to "operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government"; "a college, university, or other postsecondary institution, or a public system of higher education"; "a local educational agency . . . , system of career and technical

6

education, or other school system"; a "corporation, partnership, or other private organization, or an entire sole proprietorship"; an entity "which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation"; or any combination of these. 29 U.S.C. § 794(b). The Civil Rights Restoration Act of 1987 amended various civil rights statutes, including the Rehabilitation Act, by defining the term "program or activity" to mean "all of the operations of . . . a department, agency . . . or other instrumentality *of a State or of a local government.*" 29 U.S.C. § 794(b)(1)(A) (emphasis added); *see also T.W. v. New York State Bd. of L. Examiners*, 996 F.3d 87, 92 (2d Cir. 2021); *Davidson v. Judicial Council of the Second Circuit*, No. 25-CV-1226 (LLS), 2026 WL 901338, at *2 (S.D.N.Y. Mar. 26, 2026).

Against this statutory backdrop, the Court returns to the complaint, which, as a whole, can only be read to suggest that Defendants, through allegedly discriminatory conduct, are attempting to block Plaintiff from litigating generally in this court and specifically this action. It therefore appears that the program or service from which Plaintiff alleges he is being excluded or otherwise denied the benefits of is the federal judiciary, which is not a service, program, or activity of any of the state or local governmental agencies that Plaintiff sues in this action. Stated differently, while the state and local agencies that Plaintiff sues *are* public entities for the purposes of the ADA, the federal judiciary is not a program or service of any public entity. "Thus, by definition, Title II of the ADA does not apply to the federal government or an agency, such as the federal courts." *Moore v. United States*, No. 21-CV-1161, 2022 WL 1104986, *1 n.1 (W.D.N.Y. 2022) (citation omitted); *see also Murray v. Marguia*, No. 25-CV-1364, 2025 WL 1101515, at *2 (N.D. Cal. Mar. 11, 2025). For this reason, Plaintiff fails to state a claim under Title II of the ADA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A similar result is required under the Rehabilitation Act. Because, under that statute, the term "program or activity" is limited to "all of the operations of . . . a department, agency . . . or other instrumentality *of a State or of a local government*," 29 U.S.C. § 794(b)(1)(A) (emphasis added), and because the federal courts are not an instrumentality of state or local government, Defendants cannot be held liable for Plaintiff's alleged exclusion from the federal court system.[2] Plaintiff therefore fails to state a claim under the Rehabilitation Act. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  42 U.S.C. §§ 1985–1986

Because Plaintiff alleges that the government agency defendants and nonprofit organization defendants should lose their federal funding due to serial violations of 42 U.S.C. §§ 1985 and 1986, the Court liberally construes the complaint as asserting claims against Defendants under both §§ 1985(3) and 1986.

To state a claim under § 1985(3), a plaintiff must show the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)).

---

[2] The Court notes that Plaintiff, by virtue of litigating this case and others in this court, has not been excluded or denied the benefits of the federal court.

8

Vague and unsupported assertions of a claim of conspiracy will not suffice. *See Wang v. Miller,* 356 F. App'x 516, 517 (2d Cir. 2009) (summary order). To maintain an action under § 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord,* 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation marks omitted).

Plaintiff fails to state a claim for conspiracy under § 1985. Plaintiff alleges no specific, nonconclusory facts suggesting that Defendants or anyone else entered into an agreement to deprive Plaintiff of his civil rights or took any overt act directed towards those ends. He also fails to set forth any facts suggesting that Defendants' conduct was motivated by Defendants' animus on the basis of Plaintiff's race, color, or other protected characteristic, or that it resulted in a denial of his rights. This Court therefore dismisses Plaintiff's claims under § 1985 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1986 provides a cause of action against anyone who, "having knowledge that any of the wrongs conspired to be done and mentioned in [§] 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Mian,* 7 F.3d at 1088 (quoting *Katz v. Morgenthau,* 709 F. Supp. 1219, 1236 (S.D.N.Y. 1989), *aff'd in part and rev'd in part on other grounds,* 892 F.2d 20 (2d Cir. 1989)). Thus, a § 1986 claim must be predicated upon a valid § 1985 claim. *Id.* (citing *Dacey v. Dorsey,* 568 F.2d 275, 277 (2d Cir. 1978)).

As discussed above, Plaintiff has failed to state a valid conspiracy claim under § 1985, which is a mandatory predicate for a claim under § 1986. The Court therefore dismisses Plaintiff's § 1986 claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Supplemental jurisdiction declined**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

9

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## IV.   LEAVE TO AMEND IS DENIED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant *pro se* plaintiffs an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (holding the district court did not err in dismissing the claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to a different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that

10

additional facts could remedy defects in the plaintiff's pleading). Accordingly, this Court declines to grant Plaintiff leave to amend.

## V.    CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies that under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

Dated: April 9, 2026
      New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

11